IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                           :        CASE NO. 11-07033
                                                 :
GILBERTO RODRIGUEZ DIAZ;                         :
NILDA OQUENDO BERNABE                            :        CHAPTER 13
                                                 :
        Debtors                                  :
_____          :

OPINION AND ORDER

This case is before the court upon the Motion Requesting Allowance of Late Proof of Claim filed on March 1, 2012 by the Treasury Department of the Commonwealth of Puerto Rico (hereinafter referred to as "Treasury") alleging that there has been no bad faith, dilatory tactics and thus, Treasury's late filed claim should be allowed pursuant to Fed. R. Bankr. P. 9006(b)(1) (Docket No. 40). The Chapter 13 Trustee (hereinafter referred to as "Trustee") filed its Opposition to Creditor Treasury Department of the Commonwealth of Puerto Rico's Request to File Claim After Bar Date on March 14, 2012 (Docket No. 41). On April 9, 2012, Treasury filed its reply (Docket No. 47). On August 10, 2012, a pretrial conference was held in which the parties agreed that there were no relevant facts in controversy and that the joint pre-trial report would be considered as cross motions for summary judgment (Docket No. 58).  For the reasons set forth below Treasury's motion for summary judgment is denied and the Trustee's opposition to the motion for summary judgment is granted.

Facts and Procedural Background

Gilberto Rodriguez Diaz and Nilda Oquendo Bernabe filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on August 19, 2011. The Debtors in Schedule E (Creditors Holding Unsecured Priority Claims) included two (2) separate claims from Treasury that amounts to $8,163.03 which are entitled in its entirety to priority. The Debtors listed the first one as a tax debt only pertaining to Ms. Oquendo in the amount of $1,024.61, and the second one as a joint tax debt pertaining to Mr. Rodriguez Diaz for the tax years 2000-2007 in the amount of $7,138.42. On August 24, 2011, the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was entered, establishing as that the deadlines to file a proof of claim for all creditors was December 22, 2011, and

for a governmental unit the deadline to file a proof of claim was February 15, 2012 (Docket No. 6). On September 23, 2012, the first meeting of creditors was held and closed (Docket No. 13). On November 1, 2011, the Debtors filed an Amended Schedule E (Creditors Holding Unsecured Priority Claims) which listed Ms. Oquendo's tax debt for the years 1990-2010 in the amount of $17,935.09; of this amount $2,093.26 was listed as being entitled to priority and the remaining $15,841.83 was listed as not being entitled to priority (Docket No. 25). On February 27, 2012, this court ordered the confirmation of Debtors' Chapter 13 plan (Docket No 37).

On March 1, 2012, Treasury filed a Motion Requesting Allowance of Late Proof of Claim alleging that there has been no bad faith, dilatory tactics and thus, Treasury's late filed claim should be allowed pursuant to Fed. R. Bankr. P. 9006(b)(1) (Docket No. 40). On the same date, Treasury filed proof of claim #6-1 in the amount of $18,368.43 of which $2,094.77 is listed as entitled to priority pursuant 11 U.S.C. §507(a)(8) and the remaining $16,273.66 was listed as unsecured. On March 14, 2012 the Trustee filed its Opposition to Creditor Treasury Department of the Commonwealth of Puerto Rico's Request to File Claim After Bar Date arguing that (i) Treasury was included in Schedule E and in creditors' matrix since the filing of the bankruptcy petition; (ii) Fed. R. Bankr. P. 3002(c) provides a governmental entity 180 days after the first date set for the meeting of creditors to file a proof of claim; (iii) the allowance of a tardily filed proof of claim will result in prejudice to other unsecured creditors who timely filed their claims since these creditors will receive a lesser distribution and (iv) the "[t]imely filing of proofs of claim is necessary for the orderly, effective, and efficient administration of Chapter 13 plans" (Docket No. 41). On March 30, 2012, Treasury filed a motion requesting an extension of time of twenty (20) days to file reply to Trustee's opposition (Docket No. 42). On March 21, 2012, the court granted Treasury's request for a twenty (20) day extension of time to file its response (Docket No. 43). On April 9, 2012, Treasury filed its Reply to Trustee's Opposition to Motion to File Claim After Bar Date arguing that Debtors will not be prejudiced by the allowance of Treasury's proof of claim because the priority portion is not dischargeable; thus the Debtors will still be liable for said debt even if the motion is denied pursuant to 11 U.S.C. §§523(a) and 507(a)(8) (Docket No. 47). On August 9, 2012 the parties filed their Joint Pre-Trial Report (Docket No. 57). On August 10, 2012, the pretrial conference was held in which

the Debtors withdrew their objection to proof of claim #6-1 filed by Treasury. Moreover, the court noted that the pre-trial report fails to mention a specific reason as to why the proof of claim was filed late in this case. Treasury responded that it is due to the lack of personnel in Hacienda and that it just happened. Treasury also stated that it is in the best interest of the Debtors to reach an agreement since there is an unsecured priority portion of the tax debt owed which is not dischargeable. The court also noted that the only contested matter pending is the Trustee's opposition to Treasury's request to file claim after bar date. The joint pre-trial report is considered as cross motions for summary judgment. Parties agree that there are no relevant facts in controversy and that the issue is one of law. The matter was taken under advisement by the court (Docket No. 58).

The issue in this case is whether a governmental unit may file a proof of claim after the bar date in a Chapter 13 case alleging "excusable neglect" under Fed. R. Bankr. P. 9006(b).

Applicable Law and Analysis

*Standard for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

3

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions

4

and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Uncontested Material Facts

1. On August 24, 2011, the court duly notified to all parties in interest the "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" which listed February 15, 2012 as the governmental unit deadline to file a proof of claim.

2. Treasury was included in the master address list of this petition.

3. Treasury is a governmental agency.

4. On March 1, 2012, Treasury filed proof of claim #6-1.

*The applicability of the "excusable neglect" standard under Fed. R. Bankr. P. 9006(b)(1) in Chapter 13 Cases*

The court in Aboody v. United States (In re Aboody), 223 B.R. 36 (B.A.P. 1st Cir. 1998) addressed this particular controversy and held that; "[t]his Court adopts the majority view and concludes that the excusable neglect standard found in Fed. R. Bankr. P. 9006(b)(1) is not applicable in a Chapter 13 case, based on Fed. R. Bankr. P. 9006(b)(3) and Fed. R. Bankr. P. 3002(c)(1), to allow a governmental unit to late file a prof of claim." Id at 39; See also; In re Figueroa Bonilla, 2008 Bankr. Lexis 4042 (Bankr. D.P.R. 2008). Notwithstanding, the court finds that the portion of the tax liability that is entitled to priority status under 11 U.S.C. §507(a)(8) is not dischargeable in conformity with 11 U.S.C. 523(a)(1)(A).

Conclusion

For the reasons stated above the court finds that the excusable neglect standard pursuant to Fed. R. Bankr. P 9006(b)(1) in Chapter 13 cases may not be used as a shield by governmental units that have filed proof of claims after the bar date.

5

In view of the foregoing, Treasury's motion for summary judgment is DENIED and Trustee's opposition to the motion for summary judgment is hereby GRANTED.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of January 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge